UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIMBERLY BARUS,

    Plaintiff,

v.     CASE NO. 3:24-cv-1358-MMH-SJH

THE CITY OF JACKSONVILLE,
FLORIDA et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on Plaintiff's Amended, Opposed Motion to Strike Certain Affirmative Defenses ("Motion"), Doc. 41, and the responses thereto, Docs. 42-43. For the reasons herein, the undersigned respectfully **recommends** that the Motion be granted in part, and denied in part.[1]

### I.  Background

Plaintiff, Kimberly Barus ("Plaintiff"), has sued the City of Jacksonville ("City") and Sheriff Deputy Karl Lampkin ("Lampkin"). *See* Doc. 28. Plaintiff's operative pleading, the second amended complaint ("SAC"), asserts two counts under

---

[1] Though there is some disagreement as to whether a motion to strike affirmative defenses is a dispositive matter, under the circumstances, particularly with the undersigned's analysis that certain defenses are due to be stricken, the undersigned will conservatively issue a report and recommendation. *See Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 285 F. Supp. 3d 648, 653 & n.2 (S.D.N.Y. 2018); *see also Caballero v. AAA Diversified Servs., Inc.*, No. 8:10-cv-0680-T-23EAJ, 2010 WL 3222108, at *1 & n.1 (M.D. Fla. July 27, 2010), *report and recommendation adopted*, 2010 WL 3222102 (M.D. Fla. Aug. 16, 2010); *Myers v. Toojay's Mgmt. Corp.*, No. 5:08-cv-365-Oc-10GRJ, 2009 WL 10670507, at *1 (M.D. Fla. July 10, 2009).

42 U.S.C. § 1983 ("§ 1983"). *Id*. Count One is against Lampkin, individually, and Count Two is against the City, alleging *Monell*[2] liability. *Id.* Lampkin's Answer and Affirmative Defenses ("Lampkin Answer") asserts seven affirmative defenses. Doc. 29. The City's Answer and Affirmative Defenses ("City Answer") asserts four affirmative defenses. Doc. 30. The Motion seeks to strike certain of the affirmative defenses ("Defense(s)") raised by the City and Lampkin. Doc. 41.

## II. Applicable Law

The Court "may strike from a pleading an insufficient defense[.]" Fed. R. Civ. P. 12(f). Motions to strike are drastic and disfavored. *See Alcott v. Centurion of Fla., LLC*, No. 3:21-cv-308-TJC-MCR, 2023 WL 4931366, at *4 (M.D. Fla. Aug. 2, 2023); *Zotos v. U.S. Bank Nat'l Ass'n*, No. 8:22-cv-1726-KKM-AAS, 2023 WL 1409506, at *2 (M.D. Fla. Jan. 31, 2023); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, No. 3:15-cv-164-J-20MCR, 2019 WL 11648463, at *7 (M.D. Fla. Jan. 16, 2019). So, they are often deemed "time wasters." *See Nord Hodges v. Passidomo*, No. 8:24-cv-879-CEH-UAM, 2024 WL 3426902, at *1 (M.D. Fla. July 16, 2024); *Zotos*, 2023 WL 1409506, at *2; *Ability Hous. of Ne. Fla., Inc. v. City of Jacksonville*, No. 3:15-cv-1380-J-32PDB, 2016 WL 816586, at *1 (M.D. Fla. Mar. 2, 2016).

"'A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Alcott*, 2023 WL 4931366, at *4 (citation omitted); *see also Zotos*, 2023 WL 1409506, at *2.

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Moreover, "'a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Alcott*, 2023 WL 4931366, at *4 (citation omitted); *see also Zotos*, 2023 WL 1409506, at *2; *Aatrix Software,* 2019 WL 11648463, at *7. It is proper to treat as a denial, rather than strike, a mislabeled defense that is not a true affirmative defense. *Smith*, *v. Osceola Cnty.*, No. 6:24-cv-1746-CEM-LHP, 2025 WL 934371, at *2 (M.D. Fla. Mar. 27, 2025); *Nord Hodges*, 2024 WL 3426902, at *1; *Alcott*, 2023 WL 4931366, at *4; *Zotos*, 2023 WL 1409506, at *4; *Aatrix Software,* 2019 WL 11648463, at *8. The undersigned agrees with the majority view, supported by the textual differences between Fed. R. Civ. P. 8(a)(2) and 8(c), that the factual pleading standards of *Iqbal*[3] and *Twombly*[4] do not apply to affirmative defenses. *See, e.g., Zotos*, 2023 WL 1409506, at *3; *Aatrix Software,* 2019 WL 11648463, at *8; *Ability Hous. of Ne. Fla.,* 2016 WL 816586, at *2; *see also Smith*, 2025 WL 934371, at *2 (collecting cases).

### III. Discussion

Plaintiff seeks to strike the City's first Defense, and Lampkin's first, fourth, and seventh Defenses. Doc. 41 at 1. The undersigned discusses each in turn.

#### a. City's First Defense

Plaintiff seeks to strike the City's first Defense. Doc. 41 at 1, 4-7. The City no

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

longer opposes this request and agrees to withdraw its first Defense. Doc. 42. Thus, the Motion is due to be granted as to the City's first Defense.

### b. Lampkin's First Defense

Plaintiff seeks to strike Lampkin's first Defense. Doc. 41 at 1, 4-7. That Defense states: "The complaint fails to state any claims against Lampkin upon which relief can be granted." Doc. 29 at 6. Plaintiff argues that this is not truly an affirmative defense and that it lacks adequate factual support. *See* Doc. 41 at 4-7.

The undersigned agrees Lampkin's first Defense is not a true affirmative defense but deems it appropriate to treat the Defense as a denial rather than to strike it. *See Smith*, 2025 WL 934371, at *2 (declining to strike similar defense and instead treating it as a denial); *Saltzman v. Heritage Prop. & Cas. Ins. Co.*, No. 6:23-cv-2380-RBD-RMN, 2024 WL 4495252, at *3 (M.D. Fla. Feb. 23, 2024) (same); *Loc. Access, LLC v. Peerless Network, Inc.*, No. 6:17-cv-236-WWB-EJK, 2023 WL 4847587, at *3 (M.D. Fla. July 28, 2023) (same); *Murphy v. Progressive Am. Ins. Co.*, No. 3:22-cv-1074-MMH-LLL, 2023 WL 11657661, at *2 (M.D. Fla. May 1, 2023) (same); *Leveille v. Upchurch*, No. 3:19-cv-908-BJD-MCR, 2021 WL 1530728, at *2 (M.D. Fla. Apr. 19, 2021) (same); *Aatrix Software,* 2019 WL 11648463, at ** 2, 7-8 & nn. 3, 11 (declining to strike failure-to-state a claim defenses and noting that to the extent the defenses "'are merely statements of law or legal conclusions as argued by plaintiff, they still serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues defendant intends to assert against plaintiff's claims'") (citation omitted); *Sos v. State*

4

*Farm Mut. Auto. Ins. Co.*, No. 6:17-cv-890-Orl-40KRS, 2017 WL 8813072, at *2 (M.D. Fla. Dec. 8, 2017) ("Courts have held that failure to state a claim is a specific denial rather than an affirmative defense. However, when a party incorrectly labels a denial as an affirmative defense, the proper remedy is not to strike the claim, but rather to treat it as a denial.") (internal citations omitted); *Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-cv-900-J-39-PDB, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014) ("Federal Rule of Civil Procedure 12(h)(2) allows a party to raise the failure-to-state-a-claim defense in any pleading that Federal Rule of Civil Procedure 7(a) allows, which includes an answer to a complaint. Given those rules and the harmlessness of any mistaken designation of the defense as an affirmative one, the Court declines to strike those paragraphs."); *see also Nord Hodges*, 2024 WL 3426902, at *1; *Alcott*, 2023 WL 4931366, at *4; *Zotos*, 2023 WL 1409506, at *4.

The undersigned similarly deems that Lampkin's first Defense need not be stricken as conclusory. *See Leveille*, 2021 WL 1530728, at *2; *Aatrix Software,* 2019 WL 11648463, at ** 2, 7-8 & nn. 3, 11; *see also Zotos*, 2023 WL 1409506, at *3; *Ability Hous. of Ne. Fla.,* 2016 WL 816586, at *2. Finally, the undersigned is unpersuaded by Plaintiff's bare assertion of prejudice. *See Moore*, 2014 WL 2527162, at *2; *see also Taney v. Holding Co. of the Villages*, No. 5:10-cv-134-Oc-32JRK, 2010 WL 4659604, at *1 (M.D. Fla. Nov. 9, 2010) (declining to strike conclusory failure-to-state a claim defense and explaining "[u]nder Rule 12(b), this is a defense that may be asserted either in a responsive pleading or a motion. [Defendant] has chosen to assert this defense (which is essentially a motion to dismiss) in its answer as is permitted by Rule 12, however it

5

has thus far failed to relate that legal conclusion to the facts in this case. Thus, while the Court will not strike it, neither does the Court give it much credence.").

Thus, the Motion is due to be denied as to Lampkin's first Defense.

### c. Lampkin's Fourth Defense

Plaintiff seeks to strike Lampkin's fourth Defense. Doc. 41 at 1, 7-8. That Defense states: "The actions or inactions of Plaintiff are the sole, direct, and proximate cause of her alleged damages, or in the alternative contributed to those damages, and therefore such damages should be barred or reduced in proportion to the fault of Plaintiff." Doc. 29 at 7.

Plaintiff argues that this Defense is conclusory and fails to give "'fair notice' of how she was purportedly the 'sole, direct, and proximate cause' of her dog's death" or how "she 'contributed to' her dog's death." Doc. 41 at 7-8. Plaintiff's Motion reflects that she understands the issues raised and simply seeks more factual support. But, as discussed, affirmative defenses are not subject to the factual pleading standards of *Iqbal* and *Twombly*. *See Smith*, 2025 WL 934371, at *2; *Zotos*, 2023 WL 1409506, at *3; *Aatrix Software,* 2019 WL 11648463, at *8; *Ability Hous. of Ne. Fla.,* 2016 WL 816586, at *2. Plaintiff has not argued, much less demonstrated, that the Defense is patently frivolous on its face or clearly invalid as a matter of law. *See Alcott*, 2023 WL 4931366, at *4 (citation omitted); *see also Zotos*, 2023 WL 1409506, at *2. Nor has Plaintiff demonstrated that this Defense is wholly unrelated to the action or prejudicial. *See Smith*, 2025 WL 934371, at *2-3; *see also Alcott*, 2023 WL 4931366, at *4; *Zotos*, 2023

6

WL 1409506, at *2; *Aatrix Software,* 2019 WL 11648463, at *7. To the extent she "'requires greater factual detail …, Plaintiff may acquire those facts through discovery.'" *See Smith*, 2025 WL 934371, at *2-3 (denying motion to strike comparative negligence and failure to mitigate defenses that argued the defenses lacked sufficient factual support to give fair notice); *see also Victor v. Everest Receivable Servs., Inc.*, No. 6:23-cv-682-PGB-EJK, 2023 WL 4305233, at *2 (M.D. Fla. June 30, 2023) (denying motion to strike arguing factual and legal insufficiency of defense that "'Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's acts and/or omissions'").

Thus, the Motion is due to be denied as to Lampkin's fourth Defense.[5]

### d. Lampkin's Seventh Defense

Finally, Plaintiff seeks to strike Lampkin's seventh Defense. Doc. 41 at 1, 8. That Defense states: "Lampkin adopts any defenses filed by a co-Defendant that inure to his benefit." Doc. 29 at 8. Plaintiff likens this Defense to a "reservation of rights" and argues that is not a valid affirmative defense but instead "confuses the issues and prejudices the Plaintiff" in that it encompasses "not only the defenses of the co-Defendant presently before the Court, but arguably includes defenses of a co-Defendant not yet even a party to this suit[.]" Doc. 41 at 8. It is not necessary to reach this argument or any hypothetical defenses of unnamed future defendants, however.

---

[5] Plaintiff challenges *only* the lack of factual support for Lampkin's fourth Defense, not any legal sufficiency of the Defense. Doc. 41 at 7-8. Thus, the undersigned considers and addresses only that issue.

Even as limited to the adoption of the existing Defenses of the City, Lampkin's seventh Defense is due to be stricken for a different reason: it results in a shotgun pleading.[6]

As discussed, the two-count SAC asserts a single but separate count against each of Lampkin and the City. Doc. 28. Lampkin's seventh Defense purports to adopt, at minimum, all Defenses raised by the City "that inure to his benefit."[7] Doc. 29 at 8; *see also* Doc. 30 (asserting various Defenses to count two of the SAC against the City). Thus, Lampkin's seventh Defense purports to adopt, in a single Defense, various of the City's Defenses to a different count of the SAC brought against the City alone. That necessarily results in multiple shotgun infirmities, including the (i) comingling of multiple Defenses together; and (ii) adoption by one defendant of Defenses raised by a different defendant and directed to a different count of the SAC. *Cf. Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("Absent the dismissal of the [shotgun] amended complaint, the Defendants, in framing their answer, would likely have responded in kind, with a multitude of affirmative defenses bunched together applying to each of the amended complaint's counts. Put colloquially: garbage in, garbage out."); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings … incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.").

---

[6] Even if not directly raised by the Motion, the Court should *sua sponte* strike where necessary to remedy a shotgun pleading. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

[7] As Plaintiff argues, the Defense could also be read to adopt any future affirmative defenses raised by any future but yet-unnamed codefendants. But because the Defense is infirm as a shotgun pleading as is, there is no need to pile on with such hypotheticals.

The Eleventh Circuit has no tolerance for shotgun pleadings, which it has condemned time and again. *Jackson*, 898 F.3d at 1356-57. So, not surprisingly, courts in this district have stricken similar defenses that caused shotgun infirmities by purporting to adopt a codefendant's defenses. *E.g.*, *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, No. 6:19-cv-1908-WWB-EJK, 2021 WL 4948122, at *5 (M.D. Fla. Oct. 7, 2021); *Logsdon v. Davis*, No. 5:20-cv-335-Oc-40PRL, 2020 WL 13358527, at *3 (M.D. Fla. Oct. 16, 2020).

Lampkin makes no genuine effort to sustain his seventh Defense. Doc. 43 at 3. His *sole* argument is that

> Plaintiff has failed to show how any of the contested affirmative defenses as pleaded would prejudice her or how they would otherwise affect the case. This is particularly true with regard to the seventh affirmative defense adopting the defenses of a codefendant, since the affirmative defenses asserted by the City are in large part substantively identical to those asserted by Lampkin.

*Id.* (internal citations omitted).[8] The undersigned is unpersuaded. Shotgun pleading deficiencies are necessarily prejudicial and disruptive (and not only to Plaintiff). *E.g., Jackson*, 898 F.3d at 1356-57 ("This Court has filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices: 'Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial

---

[8] This argument is curious. Lampkin purports to defend the seventh Defense solely to the extent he adopts defenses of a codefendant that are "substantively identical" to his own. *Id.* Putting aside whether one defendant's defenses to one count can be substantively identical to another defendant's defenses to a separate count, assuming *arguendo* such is true then the seventh Defense results in mere superfluous fluff (an independent shotgun deficiency). To the extent the Defense purports to adopt anything *non*identical, Lampkin does not clarify what and/or attempt to justify such adoption.

court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well.'"); *see also Wyndham*, 2021 WL 4948122, at *5 ("'[T]he Court finds that the [affirmative defense incorporating by reference a codefendant's defenses] is deficient, and that amendment would be futile. … '[S]hotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense' and 'wreak havoc on the judicial system'") (citations omitted).

Thus, the Motion is due to be granted as to Lampkin's seventh Defense.[9]

## IV. Conclusion

The undersigned recommends that the Motion be granted as to the City's first Defense, granted as to Lampkin's seventh Defense, and otherwise denied. Accordingly, it is respectfully **recommended** that:

1. The Motion (Doc. 41) be **granted in part, and denied in part**, as set forth

---

[9] Ordinarily, a stricken shotgun pleading should be accompanied by an opportunity to replead. *See Jackson*, 898 F.3d at 1357. But under the circumstances, no such opportunity is necessary. Here, the entirety of the Lampkin Answer is not infirm or due to be stricken, only the offending seventh Defense. And, as discussed, because the seventh Defense purports to incorporate a codefendant's Defenses to a different count not against Lampkin, there is no way to replead the seventh Defense without shotgun infirmity. Finally, Lampkin's response to the Motion makes no genuine effort to defend the seventh Defense from striking or otherwise state any utility of it. *See supra* note 8. Thus, it is appropriate to strike the seventh Defense and otherwise leave the Lampkin Answer without repleader. *See Wyndham*, 2021 WL 4948122, at *5 (striking as shotgun similar defense that adopted codefendant's defenses and noting "that amendment would be futile"); *Logsdon*, 2020 WL 13358527, at *3 (striking as shotgun similar defense that adopted codefendant's defenses).

herein; and

    2.    The Court **strike** the City's first Defense and Lampkin's seventh Defense.

## Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*

A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on June 16, 2025.

                                                      Samuel J. Horovitz
                                                      United States Magistrate Judge

Copies to:

The Honorable Marica Morales Howard, United States District Judge

Counsel of Record