IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIMBERLY BARUS,

      Plaintiff,

v.                         Case No. 3:24-CV-01358-MMH-SJH

THE CITY OF JACKSONVILLE,
FLORIDA, a political subdivision
of the State of Florida, and
CITY OF JACKSONVILLE SHERIFF
DEPUTY KARL LAMPKIN,
in his individual capacity,

      Defendants.
_____/

## THE CITY'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, City of Jacksonville (hereafter "JSO" or "the City"), pursuant to Rule 56, Federal Rules of Civil Procedure, and Local Rule 3.01 of the Middle District of Florida, hereby submits its response to Plaintiff's Motion for Summary Judgment. Plaintiff's motion should be denied where the evidence submitted does not support a conclusion, as a matter of law, that the City was deliberately indifferent to the rights of Plaintiff.

**A. Lampkin's seizure of the dog was reasonable as a matter of law and therefore did not violate the Fourth Amendment.**

1

When evaluating the reasonableness of a seizure of a pet, courts use the same standards they use to evaluate the use of force: objective reasonableness. *Plowright v. Miami Dade County*, 102 F.4th 13581358, 1364-1365 (11th Cir. 2024). It is well-settled that an officer's use of deadly force does not violate the Fourth Amendment where the officer has probable cause to believe that a suspect poses a threat of serious physical harm to the officer or others. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). A reviewing court determines the objective reasonableness of the force by analyzing the "totality of the circumstances" (*Garner*, 471 U.S. at 9) and considering the facts from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989).

Other courts in the district have applied the reasonableness analysis to similar seizures of dogs by shootings. For instance, in *Chastang v. Levy*, 319 F. Supp.3d 1244 (M.D. Fla. 2018) the Court, relying on *Graham*, held that the shooting of a dog was reasonable under the totality of the circumstances where that the officer was confronted with at the moment. *Id, at 1255.* see also *Schutt v. Lewis*, 2014 WL 3908187 at pg.2 (M.D. Fla. Aug. 11, 2014)("The touchstone for reasonableness in dog shooting cases is typically  officer safety.")

In the present case, it was objectively reasonable for Lampkin to use deadly force under the totality of circumstances confronting him. There was a prior complaint about the dog being aggressive and baying a minor. The dog,

despite the assurances of the Plaintiff that the dog would not leave a fenced yard, left the yard then approached and bit Lampkin twice. While the dog was still at the feet of Lampkin, and not under any physical control of Plaintiff, Lampkin withdrew his firearm and shot and killed the dog.

Plaintiff argues that other, non-lethal uses of force could have been used. That is not the standard by which to analyze whether the actions of Lampkin were reasonable.

## B. There is no record evidence that the City was deliberately indifferent.

Plaintiff argues in her motion that the City's training of its Jacksonville Sheriff's Officers is insufficient. Plaintiff's argument is simply that JSO officers have less training than animal control officers and JSO officers had 90 prior incidents of using lethal force against dogs from 2012 to 2022.

She further argues that Municipal Code section 462.103(b) is "proof of the inadequacy of the City's dog training of its police officers." It is important to note that the Plaintiff does not argue that the municipal code is itself insufficient or is the policy or custom that caused a deprivation of Plaintiff's constitutional rights, as is required to prove a case against the City pursuant to *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978). Plaintiff presents no evidence whatsoever that the section 462.103(b) of the City's Municipal Code constitutes deliberate indifference.

Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants, does such a shortcoming constitute a "policy or custom" actionable against a municipality under Section 1983. *City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

"To establish a [municipality]'s deliberate indifference, 'a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action.'" *Lewis v. City of W. Palm Beach,* 561 F.3d 1288, 1293 (11th Cir.2009), *Gold v. City of Miami,* 151 F.3d 1346, 1350 (11 Cir. 1998). "In other words, foreseeability is required and can be shown by '(1) subjective knowledge of a risk of serious harm; (2) disregard [of] that risk; (3) by conduct that is more than mere negligence." *Esterson v. Broward County Sheriff's Department,* 2010 WL 4614725 at 4 (S.D. Fla. 2010) citing *Cagle v. Sutherland,* 334 F.3d 980, 987 (11th Cir. 2003).

Deliberate indifference is more than mere negligence. "To adopt lesser standards of fault and causation would open municipalities to unprecedented liability under § 1983. In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city "could have done" to prevent the unfortunate incident. *Id,* at 391–92, (1989) *internal citations omitted.*

4

Plaintiffs in these types of cases typically attempt prove that failure to train rises to deliberate indifference by presenting evidence that "the police, in exercising their discretion, so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers, who, nevertheless, are 'deliberately indifferent' to the need." *City of Canton v. Harris,* 489 U.S. 378, 389, (1989).

Where a plaintiff attempts to show deliberate indifference through a pattern of past violations and a failure to take appropriate action, "[ a] list of complaints against police officers, without more, is insufficient to create an issue of fact regarding [a municipality's] policy of inadequately investigating or disciplining its police officers. Rather, the Plaintiff must present at least some evidence from which a reasonable jury could infer that the complaints were meritorious." *Shehada v. Tavss*, 965 F.Supp2d 1358,1373-1374 (S.D. Fla. 2013) citing *Ayton v. Orange Cnty. Sheriff Dep't,* No. 6:10–cv–1930–Orl–28GJK, 2012 WL 4711911, at 3 (M.D.Fla. Oct. 3, 2012) (quotation omitted); *see also Brooks v. Scheib,* 813 F.2d 1191, 1193 (11th Cir.1987) ("[T]he number of complaints bears no relation to their validity.")

There is no record evidence that the City, or JSO, "so often violate[s] constitutional rights that the need for further training must have been plainly obvious to the city policymakers, who, nevertheless, are 'deliberately indifferent' to the need" as is required by *Canton.*

Plaintiff can only point to the fact that there have been prior incidents of JSO officers using deadly force against domestic dogs. Plaintiff submits a list of approximately 90 instances where a JSO officer employed deadly force against a dog over a ten-year period prior to the subject shooting of Plaintiff's dog. However, Plaintiff fails to present any evidence at all that any of these prior instances were unconstitutional. Plaintiff is required to do so.

Courts in the Eleventh Circuit have repeatedly rejected Plaintiffs' attempts at proving *Monell* claims against municipalities where a Plaintiff has not presented sufficient evidence that there was a prior pattern of constitutional violations such that the municipality was on notice that additional training was needed. In *Shehada*, 965 F.Supp2d 1358,1373-1374 (S.D. Fla. 2013) the Court rejected plaintiff's evidence of "third-party hearsay statements relayed within the Internal Affairs unit's investigative reports." *Id at 1375.* The *Shehada* court further stated "simply dumping several thousand pages of investigative files on the Court . . . cannot establish a genuine issue of material fact as to whether excessive force was used in any case, [where] the plaintiffs have offered no testimony from any complainant or other witness . . ." *citing Ott v. City of Mobile,* 169 F.Supp.2d 1301, 1313 (S.D. Ala. 2001)

Here, Plaintiff requested and was provided with a list and all investigative reports related to all uses of deadly force against dogs for a ten-year period prior to this incident. Plaintiff doesn't even attempt to submit these

6

reports as evidence as the Plaintiff in *Ott* attempted. She simply relies solely on a summary list of incidents.

Plaintiff has not made a showing regarding whether any of these prior incidents involved facts substantially similar to the present case. The Eleventh Circuit made clear that any evidence of prior incidents must involve facts that are substantially similar to be relevant to prove deliberate indifference. *Mercado v. City of Orlando,* 407 F.3d 1152, *1162* (11th Cir, 2005). Here this Court cannot even attempt to analyze whether any of the prior incidents involving using lethal force against dogs is substantially similar to the present case where the Plaintiff presents absolutely no evidence.

There is simply no evidence that the training provided by JSO to deal with animal encounters rises to the level of deliberate indifference. Even if Plaintiff believes that the training was inadequate, this falls short. The *Canton* Court explained "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. *Canton*, 489 U.S. 378, 390–91, (1989).

Plaintiff's arguments and opinions that Officer Lampkin was not trained sufficiently to deal with animals do not rise to the level of proof that JSO was deliberately indifferent to the rights of citizens.

**WHEREFORE**, Defendant, The City of Jacksonville, requests this

7

Court Deny Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**
**CITY OF JACKSONVILLE**

/s/ *Paul  E. Bueker*
**PAUL E. BUEKER**
Assistant General Counsel
Florida Bar No.: 189405
PBueker@coj.net; GPaulino@coj.net
*Attorney for Defendant City of*
*Jacksonville*
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Phone (904) 255-5100
Facsimile: (904) 255-5120

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 22, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice to all counsel of record.

/s/Paul E. Bueker
*Attorney for the Defendant, City of*
*Jacksonville*

8